United States District Court
Southern District of Texas
**ENTERED**
September 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL SINGLETARY, §<br>*Plaintiff*, Pro Se §<br>§<br>v. §<br>§<br>SWBC MORTGAGE CORPORATION AND §<br>FEDERAL HOME LOAN MORTGAGE §<br>CORPORATION (FREDDIE MAC) §<br>*Defendants*. § | CIVIL ACTION NO. 4:25-cv-02835 |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.[1] ECF 14. After considering the Parties' arguments, the record, and the applicable law, the Court RECOMMENDS that Defendant's Motion be GRANTED for the reasons discussed below.

### I.   Factual and Procedural Background.

On June 3, 2024, Plaintiff obtained a mortgage loan on 101 S. Park Dr., Montgomery, TX 77356 ("Property") from Defendant SWBC Mortgage Corporation ("SWBC") as evidenced by a Note and secured by a Deed of Trust recorded in Montgomery County, Texas. ECF 12 ¶ 4. Plaintiff alleges that the Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 16.

nominee for Defendant SWBC and its successors and assigns. *Id*. at ¶ 5. Plaintiff alleges that without his knowledge, the loan was transferred or securitized into a Federal Home Loan Mortgage Corporation ("Freddie Mac") trust. *Id.* at ¶ 6. Plaintiff also alleges that, on February 6, 2025, SWBC responded to his debt validation request and confirmed Freddie Mac as the owner of the debt. *Id.* at ¶ 7. Plaintiff further alleges that no assignment transferring the Deed of Trust to Freddie Mac was recorded. *Id.*

Plaintiff's Amended Complaint references two unattached supporting documents from the original complaint (ECF 1): "Exhibit A (Deed of Trust and MERS Analysis) and Exhibit B (Affidavit of Joseph R. Esquivel, Jr.)." [2] ECF 12 (unnumbered paragraph, unnumbered page). In Exhibit A, Plaintiff alleges that MERS is the beneficiary of the Deed of Trust but not the owner of the loan debt, such that the Note and the Deed of Trust have been separated, rendering any assignment of the debt to Freddie Mac void. ECF 1-3. Plaintiff also repeats his

---

[2] In assessing a motion to dismiss under Rule 12(b)6), the Court's review is limited to the complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Although the Amended Complaint (ECF 12) superseded the original complaint containing the Exhibits, the Court considers the Exhibits as incorporated by reference in the Amended Complaint (ECF 12) due to the liberal construction afforded to pro se pleadings. ECF 12 ("Supporting documents are attached as Exhibit A (Deed of Trust and MERS Analysis) and Exhibit B (Affidavit of Joseph R. Esquivel, Jr.)."). *See Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983).

allegation that no assignment of the Deed of Trust was recorded, creating a break in the chain of title which clouds Plaintiff's interest. *Id.* Exhibit B is the Affidavit of Joseph R. Esquivel, in which Esquivel testifies there is no evidence that the Note and Deed of Trust were transferred together. ECF 1-4 ¶ 33. Esquivel's Affidavit purports to contain four exhibits alleged to be true copies of: the Note (Exhibit A); the Deed of Trust (Exhibit C); a Voluntary Liens Report (Exhibit c); and a Freddie Mac Offering Circular Supplement (Exhibit D). ECF 1-4.

Plaintiff filed his original Complaint on June 17, 2025 (ECF 1) and his Amended Complaint on July 17, 2025. ECF 12. Defendants filed their Motion to Dismiss on July 31, 2025. ECF 14. After being given notice of Judge Sim Lake's one-dispositive-motion rule (ECF 24), Defendants notified the Court they intended to stand on their Motion. ECF 27. Plaintiff filed his Response on August 1, 2025 (ECF 18), to which Defendants filed their Reply in support of their Motion on August 15, 2025. ECF 22.

## II. Legal Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

3

678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

### III. Analysis.

Plaintiff argues that, under the split-the-note theory, any transfer of the Note to Freddie Mac is defective given that MERS did not have an enforceable interest in

both the Deed of Trust and the Note, as well as the fact that the assignment of the Deed of Trust was not recorded.  ECF 12; ECF 1-3.  Plaintiff's three claims flow from the theory that the Note and the Deed of Trust cannot be split: 1) his claim for fraudulent misrepresentation of ownership of the Note and servicing rights by Defendants (ECF 12 ¶¶ 10-13); 2) his claim for breach of contract based on SWBC's failure to notify Plaintiff of the Note transfer allegedly required by the Deed of Trust (*Id.* at ¶¶ 14-16); and 3) his claim for declaratory relief and to quiet title because the improperly recorded assignment clouded Plaintiff's title (*Id.* at ¶¶ 17-20).

### A. To the extent Plaintiff's claims rest on a split-the-note theory, they fail as a matter of law.

The split-the-note theory asserts that both the note and deed of trust must be vested in the same owner to render both instruments enforceable and valid.  *See Wiley v. Deutsche Bank Nat. Tr. Co.*, 539 F. App'x 533, 535–36 (5th Cir. 2013) (explaining the argument behind the split-the-note theory and finding it invalid under Texas law).  "The split-the-note theory has been roundly rejected by federal and state courts in Texas." *Green v. Amerihome Mortg. Co., LLC*, No. 4:20-CV-0153, 2020 WL 2106692, at *2 (S.D. Tex. Apr. 16, 2020) (citing *Martins v. BAC Home Serv'g, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) and *Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2014) (pet. denied)), *report and recommendation adopted,* No. CV H-20-153, 2020 WL 2104639 (S.D. Tex. May 1, 2020).  Well-settled law holds that rights under a note and a deed of trust are separate

5

obligations that can have different beneficiaries or holders. *See Wiley*, 539 F. App'x at 536.

In his Response, Plaintiff attaches a Deed of Trust and MERS Analysis (Exhibit E), purporting to explain a defect in the transfer as caused by the "fatal separation of the note and deed of trust . . . a 'split-the-note' problem." ECF 18-1 at 1. Plaintiff's Response goes on to explain that the splitting of the note forms the basis of his fraud and quiet title claims. *Id.* When claims are based on an invalid legal theory, as is the case here, "federal courts are required to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Flynn v. State Farm Fire & Cas. Ins. Co. (Texas)*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). Thus, to the extent Plaintiff's fraud and quiet title claims depend on the split-the-note theory, they fail as a matter of law.

### B. Plaintiff has failed to allege facts stating a plausible fraud claim.

Under Texas law, the elements of fraud are:

(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 674 (5th Cir. 2015) (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.,* 341 S.W.3d 323, 337 (Tex.2011)). The Federal Rules of Civil Procedure require that a party "must

6

state with particularity the circumstances constituting fraud" in their pleading. FED. R. CIV. P. 9(b).

Here, Plaintiff alleges SWBC and Freddie Mac "knowingly misrepresented the ownership and servicing rights to Plaintiff . . . falsely identifying Freddie Mac as the owner without a recorded assignment." ECF 12 ¶ 10. Plaintiff additionally alleges that Defendants "concealed material facts regarding transfer and securitization in violation of Texas common law fraud." *Id.* at ¶ 12. Plaintiff claims he continued making his mortgage payments in reasonable reliance on Defendants' false representations and suffered damage "including uncertainty clouding title and unnecessary payments." *Id.* at ¶¶ 11, 13.

Even accepting all well-pleaded factual allegations as true, Plaintiff has failed to make out a claim for fraud. Absent reliance on the split-the-note theory which has been rejected by federal and state courts in Texas, none of Plaintiff's factual allegations demonstrate the representation that Freddie Mac is the owner of the Note is false. Absent a false representation, Plaintiff cannot allege a fraud claim. *See Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 169–70 (5th Cir. 2024) ("Actionable fraud requires that [defendant] made a material representation that was false." [internal quotation marks and citation omitted]). Further, none of the pleaded facts indicate the Defendants had any reason to believe or know Freddie Mac is not the owner of the Note. *See Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896

7

S.W.2d 156, 163 (Tex. 1995) ("A statement is not fraudulent unless the maker knew it was false when he made it or made it recklessly without knowledge of the truth."). Plaintiff has failed to allege a false representation by Defendants, that was made while knowing it was false or with reckless disregard of the truth, and therefore cannot state a claim for fraud. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (fraud claim requires showing false, material representation and defendant's knowledge of falsity or recklessness).

### C. Plaintiff has failed to allege facts stating a plausible claim for quiet title.

To make out a claim to quiet title, a plaintiff must show:

(1) his right, title, or ownership in real property; (2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid.

*Warren v. Bank of America, N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). In a quiet title suit, a plaintiff must demonstrate that he has a superior claim over the defendant. *See Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009) (pet. denied).

Here, Plaintiff alleges the failure to properly record assignments per Texas Property Code § 13.001 and the Pooling and Servicing Agreement (ECF 12 ¶ 18) clouds Plaintiff's superior title to the Property because the lack of assignments creates a controversy as to ownership of the loan and the enforceability of the Deed

8

of Trust. ECF 12 ¶¶ 17, 19-20. Plaintiff has failed to allege any facts that demonstrate he holds a claim to the Property that is superior to that of the Defendants. *See Green*, No. 4:20-CV-0153, 2020 WL 2106692, at *2. His Amended Complaint admits his interest in the property is subject to the mortgage obtained from SWBC described by the Note and secured by the Deed of Trust. ECF 12 ¶ 4. Only under the split-the-note theory, which has been soundly rejected, could Plaintiff hold a superior claim to the property. *See Green*, No. 4:20-CV-0153, 2020 WL 2106692, at *2 (rejecting quiet title claim because split-the-note theory could not be used to show the superiority of her interest or invalidity of defendant's). Thus, the quiet title claim should be dismissed.

### D. Plaintiff has failed to allege facts stating a plausible claim for breach of contract.

Under Texas law, the essential elements for a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Citing Section 20, Plaintiff alleges SWBC breached Deed of Trust by failing to notify him of the alleged transfer or securitization of the Note. ECF 12 ¶¶ 14, 15. Yet, section 20 does not contain a notice requirement, nor does it mention transfer

9

of the Note or servicing rights as Plaintiff claims. ECF 1-4 at 23-24. Section 21 discusses SWBC's right to sell or transfer the Note but contains no notice requirement. *Id.* at 24. Additionally, nothing in the Note requires notice to the mortgagee upon its transfer. *Id.* at 10-13. Plaintiff has failed to identify any contractual obligation requiring SWBC to notify him upon transfer of the Note. Therefore, Plaintiff has failed to allege any breach of the Deed of Trust by Defendants.

Moreover, Plaintiff's alleged damages—confusion and uncertainty about the proper creditor (ECF 12 at ¶ 16)—are not recoverable under a breach of contract claim. *See Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 484 (Tex. App.—Houston [14th Dist.] 1996) (no writ) (A "breach of contract claim is barred as a matter of law [where] the damages pleaded . . . are only for mental anguish which are not recoverable in a breach of contract case."); *Perlaki v. J.B. Poindexter & Co.*, No. 4:24-CV-01649, 2025 WL 754503, at *7 (S.D. Tex. Mar. 10, 2025) (collecting Texas and 5th Circuit cases).

### E. Plaintiff's claim for declaratory relief cannot stand in the absence of a valid substantive cause of action.

A claim for declaratory relief cannot stand independent of a plausibly pleaded substantive legal claim. *See Castillo v. PennyMac Loan Servs., LLC*, No. 3:18-CV-396-M-BH, 2019 WL 4603752, at *13 (N.D. Tex. Aug. 8, 2019), *report and recommendation adopted*, No. 3:18-CV-396-M-BH, 2019 WL 4597558 (N.D. Tex.

Sept. 23, 2019) ("[D]eclaratory judgment is unavailable where there is no viable claim for relief."); *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("the availability of such relief presupposes the existence of a judicially remediable right"). Plaintiff requests declaratory relief stating that: Defendants have no enforceable interest; the Deed of Trust is void; the cloud on the title is removed; and quiet title in Plaintiff's favor. *Id.* at ¶¶ a-d.  As discussed above, Plaintiff has failed to state a claim upon which relief can be granted for any substantive cause of action. Therefore, his claim for declaratory relief must also be dismissed.

### F. Plaintiff's claims should be dismissed with prejudice.

Typically, when a complaint is dismissed under Rule 12(b)(6), courts allow the plaintiff to amend the complaint unless amendment would be futile. *See Perales v. Bank of Am., N.A.*, No. CIV.A. H-14-1791, 2014 WL 3907793, at *2 (S.D. Tex. Aug. 11, 2014); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir.2002) (noting that leave to amend is not appropriate where the complaint's "defects are incurable").

In this case, dismissal with prejudice is appropriate with respect to Plaintiff's fraud and quiet title claims because they fail as a matter of law.  With respect to the breach of contract claim, Plaintiff failed to identify any portion of the Deed of Trust or Note that required Defendants to give him notice upon sale or securitization of the Note. The Court could also not locate this notice requirement. Amendment would

be futile where neither document contains this notice requirement. Therefore, the Court recommends the breach of contract claim be dismissed with prejudice. The undersigned will reconsider this recommendation if Plaintiff files an objection within the 14-day period described below persuading the Court that amendment would not be futile.

IV. Conclusion.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 14) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 24, 2025, at Houston, Texas.

_Christina A. Bryan_
Christina A. Bryan
United States Magistrate Judge