Case 4:25-cv-02835   Document 41   Filed on 10/20/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL SINGLETARY,<br>　　*Plaintiff*, *Pro Se* § § § | |
| v. § § | CIVIL ACTION NO. 4:25-cv-02835 |
| SWBC MORTGAGE CORPORATION AND FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC) § § § § § *Defendants*. § | |

## **AMENDED MEMORANDUM AND RECOMMENDATION**

On October 3, 2025, the District Judge adopted the Magistrate Judge's Memorandum and Recommendations (ECF 32) and dismissed with prejudice Plaintiff's claims.[1] ECF 33. Plaintiff filed a Notice of Appeal and a Motion to Proceed In Forma Pauperis on Appeal. ECF 34; ECF 35. On October 7, 2025, the undersigned issued a Memorandum and Recommendation recommending denial of in forma pauperis status for the appeal. ECF 39. Plaintiff filed objections to the Memorandum and Recommendation. ECF 40. The Court now amends its Memorandum and Recommendation and recommends that Plaintiff's Motion (ECF 35) be GRANTED.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 16.

Rule 24(a) of the Federal Rules of Appellate Procedure governs Plaintiff's Motion for Leave to Proceed In Forma Pauperis (IFP):

> (a) Leave to Proceed In Forma Pauperis.
>> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>> (B) claims an entitlement to redress; and
>>> (C) states the issues that the party intends to present on appeal.
>>
>> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>>
>> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>>> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>>> (B) a statute provides otherwise.

Fed. R. App. P. 24. The District Judge granted Plaintiff's application to proceed in forma pauperis in the District Court action on June 17, 2025. ECF 1. Therefore, Plaintiff's Motion is governed by the Rule 24(a)(3) standard.

Based on assertions made in Plaintiff's timely-filed objections to the M&R denying IFP status for an appeal, the Court finds at least one good faith basis for appeal which warrants the grant of IFP status under Rule 24(a)(3). In his Objections, Plaintiff argues the M&R dismissing his case applied the incorrect legal standard. ECF 40 at 2. Whether the Court "misapplied Rule 12(b)(6) by resolving factual inferences against the plaintiff" presents a good faith basis for appeal. *Id.* at 3.

For that reason, the Court amends its Recommendation (ECF 39) and now RECOMMENDS that Plaintiff's Motion to Proceed In Forma Pauperis on Appeal (ECF 35) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 20, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge